MMB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :  CRIMINAL ACTION

v.  :

BRENT LAMAR HULL  :  NO. 07-38-15

FILED
AUG 20 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM RE: MOTION TO SUPPRESS EVIDENCE**

Baylson, J.  **August 19, 2010**

Defendant Brent Lamar Hull is one of 21 Defendants named in this indictment. Mr. Hull is charged in Count I with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (crack), and is also charged in Count 64 with possession with intent to distribute 50 grams or more of cocaine base (crack), which the government seized following the arrest of Mr. Hull on May 21, 2009 at 2702 Curran Street in Chester, Pennsylvania. Mr. Hull has filed a Motion to Suppress (Doc. No. 344).

## I. Statement of Facts

The Court held an evidentiary hearing on the Motion to Suppress on March 15, 2010, at which Pennsylvania State Trooper John Cargan was the sole witness. The Court finds him credible. Trooper Cargan, accompanied by approximately ten law enforcement officers, had an arrest warrant for Mr. Hull and went to his place of residence at 2702 Curran Street in Chester, Pennsylvania at 6:00 a.m. on the morning of May 21, 2009.

After knocking and hearing shuffling, the officers forcibly entered the house, and found a naked female on the first floor who was temporarily detained. This female, whose name was not

-1-

known at the time of the evidentiary hearing, was not called as a witness at this hearing, and she is not a Defendant in this case. The officers proceeded to the second floor where they found Defendant Hull in the hallway, dressed only in boxer shorts. He was detained by the officers by placing him on the floor and handcuffing him. The officers then ascertained that there was no one else in the house. No weapons were located in the house. At no time was Mr. Hull given any Miranda warnings.

Once the house was secured, Trooper Cargan indicated that it was appropriate for Defendant Hull to put on additional clothing to be transported for processing. A pair of pants were located in the house and Defendant Hull indicated to the officers that he wanted to wear them. The pants were searched before being put on Mr. Hull, and in one of the pockets the officers located a plastic bag which later turned out to contain a quantity of crack cocaine. The pants were placed on Mr. Hull while he was handcuffed and a shirt was also placed on him, although Trooper Cargan was not certain whether it had been placed over his head or around him as the handcuffs were not removed while the Defendant was in the house.

The Defendant was then taken down to the first floor where the female was located. Trooper Cargan asked the Defendant for his identification card and Defendant pointed to a purse, which the Trooper then inspected. Inside the purse, the Trooper located another plastic bag with a substance later determined to be crack cocaine, along with the Defendant's identification card. Trooper Cargan testified that the Defendant made a statement identifing the cocaine as being his. Nothing else of significance to this case was located in the house.

The Court agreed that Defendant's Motion to Suppress will be considered to suppress the crack cocaine located at the time of Defendant's arrest as well as any statements made by

Defendant, specifically his alleged acknowledgment of possession of the cocaine found in the purse.

## II. Contentions

Defendant asserts that the drugs were obtained in the absence of a lawfully issued search warrant, without probable cause, not incident to arrest, and/or without the consent of the Defendant, and therefore were obtained in violation of his constitutional rights. Citing Arizona v. Gant, 129 S. Ct. 1710 (2009), a case involving the search of an automobile, Defendant argues that these items were not seized incident to an arrest. Although Defendant asserts that Trooper Cargan was not credible because of certain confusion and inconsistencies in his testimony, the Court disagrees, as noted above, and will credit Troopcer Cargan's testimony in full.

The government, in justifying these seizures, asserts that the seizure of crack cocaine from Mr. Hull's pants is clearly justifiable as the product of a protective "sweep" of his pants, and that the seizure from the purse is justified as evidence recovered from the property of a third party in which Defendant had no reasonable expectation of privacy or as a product of a search pursuant to Mr. Hull's implied consent.

## III. Analysis

Initially, the Court agrees with the government that there is sufficient evidence in the record to find implied consent by the Defendant. Defendant pointed to and indicated to the Trooper his pants. (N.T. 12-13.) There is no doubt that he wanted to put on his pants, and the protective search of the pants resulted in finding the crack cocaine in the pants' pocket. While upstairs, Defendant was asked for identification, and Defendant stated that it was downstairs. When downstairs, he indicated a bag in plain view and stated that the identification was in the

bag. The Trooper identified the bag as a woman's purse, which, when opened, was found to contain additional drugs. (N.T. 14-16.) The government appropriately relies on Schneckloth v. Bustamonte, 412 U.S. 218 (1973) as providing the correct test for consent. It is important to note that Mr. Hull's arrest took place in his own house, and thus the cases relied on by the Defendant, such as Steagald v. United States, 451 U.S. 204 (1984), which concerned officers entering the house of a third party, is not controlling. As the police had an arrest warrant for Defendant, their entry into the house was lawful; taking Mr. Hull into custody was similarly lawful.

Both searches, of the pants and the purse, were incidental to a lawful arrest. Because the Defendant was wearing only boxer shorts, it was appropriate to give him the opportunity to put on long pants. When he designated the pants he wanted to put on, the police were justified in checking the pants for any type of weapon or contraband before the pants were put on Mr. Hull. See United States v. Leftwich, 461 F.2d 586 (3d Cir. 1972).

Whether the crack cocaine was in Mr. Hull's possession, as charged, is a substantive issue for trial. The only present issue is whether he has grounds to warrant suppression. United States v. Lockett, 406 F.3d 207, 211 (3d Cir. 2005), supports the government's position. The government cites to, and the Court agrees that, United States v. Winston, 444 F.3d 115 (5th Cir. 2006), gives precedential support to denying Defendant's Motion.

The Court agreed to consider the Motion to Suppress to apply to Defendant's statements as well as the recovery of the evidence. The Court is of the view that the situation in which Defendant made statements immediately following his arrest in his own home did not require Miranda warnings. This was a dialogue that took place in connection with Defendant being taken into custody, only partially dressed, and involving his putting on additional clothes so that

he could be transported to the police station. The Court is not aware of any precedent that has required <u>Miranda</u> rulings in this setting.

## IV. <u>Conclusion</u>

For these reasons, the Court will deny the Defendant's Motion to Suppress. An appropriate Order follows.

O:\Criminal Cases\07-38-15 Hull, U.S.v\Hull 07-38-15 - Memo Mot Suppress Evidence 8.19.10-to file.wpd