## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| **v.** | : | |
| **BRENT LAMAR HULL** | : | **NO. 07-38-15** |

### MEMORANDUM

**Baylson, J.**                                                           May $\partial 7$, 2015

The defendant was convicted of serious, substantive drug offenses following a jury trial in March, 2011, but was acquitted of a charge of conspiracy. Defendant was then sentenced to 360 months on each count of conviction to be served concurrently. The lengthy sentence resulted from defendant's classification as a career offender under the Sentencing Guidelines. On direct appeal, the Third Circuit affirmed the conviction. On July 11, 2014, defendant filed a Section 2255 motion raising three grounds for post-conviction relief:

1.     Defendant was denied effective assistance of trial counsel because trial counsel failed to explain the advantages and disadvantages of pleading guilty rather than going to trial.

2.     Defendant's simple assault conviction could not be used to support his status as a career offender.

3.     The Fair Sentencing Act of 2010 should have applied to defendant's sentence.

The defendant has asserted various facts in support of his petition, principally an allegation that he was denied effective assistance of counsel, particularly at the sentencing hearing because his counsel had failed to explain the "advantages and disadvantages of pleading guilty versus going to trial." Defendant asserts that if this was explained, he would have pled guilty.

The government's response represents that it never made a formal plea offer to defendant,

nor does defendant make such a claim.   In support, the government has attached to its response

certain email communications between the Assistant United States Attorney and defendant's

counsel, where the government attorney asked whether defendant was interested in a non-trial

disposition, but stipulated that cooperation by the defendant was the only way for defendant to

reach a plea agreement to avoid the statutory mandatory minimum of 20 years as well as achieve a

three level decrease in his offense level for acceptance of responsibility.   Defense counsel

responded that although he had recommended that defendant meet with the government, defendant

refused to do so.   Thus, no plea offer was made nor did the government prepare any plea

agreement.   Defendant offers no evidence to support his argument, except his own self-serving

declaration that he would have accepted a plea agreement resulting in a sentence lower than the

sentence received, or lower than the 20 year mandatory minimum that followed from the

defendant's conviction by the jury.

In defendant's reply brief, filed January 29, 2015 (ECF 1013) which the Court has

reviewed and considered, defendant does not present any evidence or legal argument to refute this.

He attaches another declaration which in part contradicts the first declaration and is vague as to

what sentence he thought he would receive if he pled guilty.   Defendant never states he was

willing to "cooperate" *i.e.*, testify against other defendants, which the government had told

defendant's attorney was essential to get the below the mandatory minimum of 20 years which

applied by statute.

Given the nature of the defendant's allegations and the government's evidence, the Court

cannot make any finding that defendant's counsel was ineffective.   The "rigorous standard" of

*Strickland v. Washington,* 466 U.S. 668 (1984), for ineffective assistance of counsel is met where a

2

defendant shows both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's error, the outcome would likely have been different. *See Strickland*, 466 U.S. at 687. The *Strickland* test requires the defendant to show ". . . that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. Under the *Strickland* two part test, the defendant must show both ineffective assistance of counsel, plus prejudice, *i.e.*, that but for the ineffective assistance, the evidence would show defendant had a reasonable likelihood of acquittal.

The Court cannot conclude that counsel was ineffective. First, the exchange of emails is documentary evidence which contradicts the defendant's assertions that his counsel deprived him of a plea "deal" which would have resulted in a lower sentence. Since the defendant elected to go to trial, despite his acquittal on the conspiracy charge, his conviction on the substantive drug offenses of distribution, etc. resulted in an offense level under the Sentencing Guidelines which warranted the 360 month sentence which the defendant received. Any dispute about the propriety of the sentence could have been and should have been raised on direct appeal. Furthermore, the record of the trial will show that defendant's trial counsel was vigorous in his cross-examination of the government's witnesses and in his advocacy on behalf of defendant in the closing argument to the jury. Defendant's counsel's advocacy was surely effective in persuading the jury to find the defendant not guilty of the charge of conspiracy.

Thus, the Court cannot conclude that counsel was ineffective. Under the *Strickland* test,

3

the Court also concludes that even if counsel was ineffective, there was no prejudice, because the evidence of guilt was overwhelming and any shortcomings of defense counsel were not prejudice.

Defendant's second point is that his characterization as a career offender violated his constitutional rights. The Presentence Report, as well as the colloquy at sentencing, shows ample support for the Court's conclusion at sentencing that his simple assault conviction supports the status as a career offender. The government's Addendum (ECF 1012) documents this fact. This argument could have been and should have been raised on direct appeal. Defendant makes no persuasive argument against his characterization as a career offender as a constitutional deprivation.

Defendant's last point is that he is entitled to reduction of sentence under the Fair Sentencing Act. Because defendant was subject to a mandatory minimum, he is not entitled to any benefits under the Fair Sentencing Act. The government's brief has documented in further detail why this argument is not valid.

There is no reason to have an evidentiary hearing as defendant requests.

An appropriate Order follows.

O:\CRIMINAL CASES\07-38-15 HULL, U.S. V\HULL 07-38-15.2255.5.21.15.MEMO.DOCX

4

cc: Defendant